Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah K. Darling; | No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Wells Fargo Bank, National Association; | (Jury Trial Demanded) |
| Defendant. | |

### Preliminary Statement

1.    On one or more occasions Defendant obtained the Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

**Jurisdiction and Venue**

2.     Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

**Parties**

4.     Plaintiff is an individual who resides in Maricopa County, Arizona.

5.     Defendant Wells Fargo Bank, National Association ("WFB") is a nationally chartered bank doing business within the state of Arizona.

6.     WFB also operates under the name of Wells Fargo Card Services.

**Factual Allegations**

***The Impermissible Access***

7.     On April 10, 2015 WFB requested a consumer report (hereinafter "credit report" or "consumer report") on Ms. Darling from Equifax Information Services, LLC, a national consumer reporting agency.

8.     The notation on Ms. Darling's Equifax credit report says the inquiry was made by "WF CRD SVC."

9.     The Equifax report also states that "These inquiries are made by companies with whom you have applied for a loan or credit."

10.    The report further states that this inquiry "may impact your credit rating."

11.    Thus, in order to request Plaintiff's credit report, WFB informed Equifax that the credit report was being requested because Plaintiff had applied for a loan or credit, which is false.

12.    On December 29, 2011, Ms. Darling filed for protection under Chapter

7 of the bankruptcy code.

13.   Ms. Darling's Chapter 7 Bankruptcy was discharged on April 10, 2012.

14.   At the time of WFB's inquiry, every Wells Fargo account Ms. Darling has had was either closed or included in and discharged in her Chapter 7 bankruptcy case.

15.   At the time of the inquiry, Ms. Darling had no active or open accounts with WFB for WFB to review.

16.   WFB was sent one or more notices of Ms. Darling's Chapter 7 filing by the bankruptcy court on or about December 30, 2011.

17.   WFB was also sent one or more notices of Ms. Darling's bankruptcy discharge by the bankruptcy court on or about April 10, 2012.

18.   WFB did not have a permissible purpose for requesting or obtaining a credit report on Plaintiff on April 10, 2015.

19.   At the time WFB made its inquiry, WFB knew that all accounts it had with Ms. Darling were closed.

20.   At the time WFB made its inquiry, WFB knew that all accounts it had with Ms. Darling were included and discharged in Ms. Darling's Chapter 7 bankruptcy.

21.   At the time WFB made its inquiry, WFB knew that its stated purpose for obtaining Ms. Darling credit report, that of a loan or credit application, was false.

22.   At the time WFB made its inquiry, WFB knew that it did not have a permissible purpose to access Ms. Darling's credit report.

23.   Upon information and belief, at the time WFB obtained Plaintiff's credit report on April 10, 2015, WFB had a policy of regularly ignoring

- 3 -

1  the bankruptcy discharge of its former customers and regularly re-
2  quested credit reports.

3  24.  Plaintiff has a common law right to keep her personal credit informa-
4  tion private, and Congress sought to further protect that right by enact-
5  ing the FCRA. Indeed, the common law tort of intrusion upon seclusion
6  is preempted by the FCRA, and the FCRA expressly provides that
7  Congress made the following finding: "There is a need to insure that
8  consumer reporting agencies exercise their grave responsibilities with
9  fairness, impartiality and a respect for the consumer's right to privacy."
10  15 U.S.C. §1681a(4).

11  25.  WFB invaded Plaintiff's right to privacy when it accessed her highly
12  confidential personal information at a time when it had no right to do
13  so.

14  26.  Defendant increased the risk that Plaintiff will be injured if there is a
15  data breach on WFB's computer systems by acquiring additional highly
16  sensitive information about Plaintiff and saving that information onto
17  its computer system. Data breaches are increasingly common
18  (http://krebsonsecurity.com/category/data-breaches/), and financial
19  institutions like WFB are frequent targets of cybercriminals.
20  http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-
21  services-industry/

22  27.  The conduct WFB engaged in is precisely the type of conduct Congress
23  sought to prevent with the restrictions it has imposed on access to
24  consumer's sensitive financial information.

25  28.  Plaintiff suffered a concrete injury in fact that is directly traceable to

- 4 -

1   WFB's conduct, and is likely to be redressed by a favorable decision in

2   this action.

### Count I.   Violation of FCRA

3

4   ***Negligently Obtaining Consumer Report Without Permissible Purpose***

5   29.   Plaintiff incorporates the preceding paragraphs.

6   30.   WFB acted negligently in requesting and obtaining Ms. Darling's

7         credit reports without a permissible purpose.

8   31.   WFB's conduct in obtaining Ms. Darling's credit reports without a

9         permissible purpose therefore violated 15 U.S.C. §1681b(f).

10  32.   As a result of WFB's violation of the FCRA, Ms. Darling has suffered

11        an invasion privacy, and other actual damages.

12        WHEREFORE, the plaintiff requests that this Court enter judgment in

13  her favor and against defendant WFB as follows:

14        a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award her actual damages,

15              for each impermissible access of her credit report;

16        b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action

17              and reasonable attorney fees; and

18        c.    grant such other and further relief as the court deems just and

19              proper.

### Count II.   Violation of FCRA

20

21  ***Willfully Obtaining Consumer Report Without  Permissible Purpose***

22  33.   Plaintiff incorporates the preceding paragraphs.

23  34.   WFB acted willfully in requesting and obtaining Ms. Darling's credit

24        reports without a permissible purpose.

25  35.   WFB's conduct in willfully obtaining Ms. Darling's credit reports

- 5 -

without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

36.   As a result of WFB's violation of the FCRA, Ms. Darling has suffered an invasion privacy, and other actual damages.

WHEREFORE, the plaintiff requests that this Court enter judgment in her favor and against defendant WFB as follows:

a.   pursuant to 15 U.S.C. § 1681n(a)(1)(A), award her actual damages, or not less than $100 and not more than $1,000 for each impermissible access of her credit report, whichever is greater;

b.   pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

c.   pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

d.   grant such other and further relief as the court deems just and proper.

/ / /

/ / /

1

**Demand for Jury Trial**

2

Plaintiff hereby demands a jury trial on all issues so triable.

3

4

RESPECTFULLY SUBMITTED:  May 24, 2016 .

5

6

s/ Floyd W. Bybee

Floyd W. Bybee, #012651

7

**BYBEE LAW CENTER, PLC**

90 S. Kyrene Rd., Ste. 5

8

Chandler, AZ 85226-4687

Office: (480) 756-8822

9

Fax: (480) 302-4186

floyd@bybeelaw.com

10

Todd D. Simpson, SB 031251

11

**LARSON & SIMPSON, PLC**

90 S. Kyrene Rd, Ste. 5

12

Chandler, AZ 85226-4687

Phone: (602) 730-2875

13

Fax: (866) 359-3374

todd@larsonandsimpson.com

14

Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

- 7 -